**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSELITO CABRERA, | |
| Plaintiff, | Civil Action Nos. 16-5433 (CCC) |
| v. | **MEMORANDUM OPINION** |
| KATHLEEN M. THEURER, | |
| Defendant. | |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Joselito Cabrera pursuant to 42 U.S.C. § 1983. At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). It appearing:

1. The sole Defendant in the case is Kathleen M. Theurer, Plaintiff's former attorney who represented him in a criminal matter in state court. The Complaint asserts claims against Defendant allegedly "for being incompetent, for lack of diligence, for lack of communication, for fees, for conflict of interest, for expediting litigation, for truthfulness in statements to others, for communication with Person Represented by Counsel, and for misconduct on April 22, 2015." (ECF No. 1 at 2-3.) Essentially, Plaintiff seeks monetary damages for ineffective assistance of counsel. Plaintiff asserts that his causes of action are "Poor Representation of Counsel, Gross Negligence, and Mental Anguish pro se [sic]." (ECF No. 1 at 2.)

2. The Court finds that the Complaint does not state a claim under § 1983. To state a valid § 1983 claim, a plaintiff must establish, first, the violation of a right secured by the Constitution or

laws of the United States and, second, that the alleged deprivation was committed or caused by *a person acting under color of state law*. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999). Neither public defenders nor private attorneys are state actors liable under § 1983, because they are not persons acting under the color of law. *See Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) ("[A p]rivate defense attorney cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983") (citing *Polk Cty.*, 454 U.S. at 317-25). As such, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against Defendant, and his § 1983 claims must be dismissed. The Court does not afford Plaintiff an opportunity to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

3. To the extent that the Complaint can be construed as raising state law tort or malpractice claims, the Court declines jurisdiction over such claims. Federal law permits the district court, within its discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). The Third Circuit has used even stronger language to describe the court's obligations under the provision. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA, Nat'l Ass'n*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not

exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

4. Because this case is still before trial, the Court has dismissed all of Plaintiff's federal claims, and no extraordinary circumstances exist, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice.

5. Finally, the Court notes that this dismissal constitutes a strike under 28 U.S.C. § 1915(g). *See Ziegler v. Whitney*, 112 F. App'x 699, 701 (10th Cir. 2004) (upholding a district court's imposition of a strike under § 1915(g) after dismissal of all federal claims with prejudice, even though state law claims were dismissed without prejudice by declining supplemental jurisdiction); *Galloway v. Pennsylvania*, No. 13-960, 2013 WL 5231412, at *3 (W.D. Pa. Sept. 17, 2013) (counting a dismissal of "federal law claims for failure to state a claim and declining to exercise supplemental jurisdiction over any state law claims" as a strike under § 1915(g)); *Nealy v. Kamas*, No. 12-6201, 2013 WL 140111, at *1 (W.D.N.Y. Jan. 10, 2013) (counting a prior dismissal of all federal claims with prejudice, in which the court dismissed state law claims by declining supplemental jurisdiction, as a strike under § 1915(g)); *Knox v. Furlong*, No. 10-1001, 2011 WL 2037606, at *3 (S.D. Ill. May 24, 2011) (imposing a strike under § 1915(g) for dismissal of all federal claims with prejudice after declining jurisdiction over state law claims).

**Claire C. Cecchi**
United States District Judge

Date: October 24, 2016